NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>0.018 acre ACRES OF LAND IN THE TOWNSHIP OF VERNON, SUSSEX COUNTY, NEW JERSEY et al.,<br><br>        Defendants. | Civil Action No.: 10-4465 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

   This matter comes before the Court on the order to show cause of Plaintiff Tennessee Gas Pipeline Company ("Tennessee Gas") requesting an injunction against Defendants granting to Tennessee Gas the immediate possession of certain easements. Oral argument on Tennessee Gas's request was held on September 15, 2010. The Court has considered the parties' submissions and the arguments presented at the hearing. For the reasons set forth below, Tennessee Gas's request for immediate possession of the easements is granted.

**I.      BACKGROUND**

   On May 14, 2010, the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity authorizing Tennessee Gas to construct an interstate gas pipeline (the 300 Line Project). The pipeline will run across Defendants' property. Tennessee Gas asserts that construction on the Project must begin no later than October 15, 2010,

in order to meet its obligations and to avoid large additional costs.

Tennessee Gas tried to reach an agreement with Defendants regarding the easements necessary for the project and an appropriate amount of compensation. The parties were unable to reach agreement. As a result, on August 31, 2010, Tennessee Gas filed a Verified Complaint in Condemnation against Defendants and an Order to Show Cause seeking an Order of Condemnation from this Court. If the Court found that a condemnation order was appropriate, then Tennessee Gas also sought an injunction granting it immediate possession of the easements condemned. The Court heard argument on both applications at the September 15 hearing. On September 20, 2010, this Court granted and filed an Order of Condemnation for the easements sought by Tennessee Gas. The Court reserved on the question of immediate possession. This Opinion addresses that issue.

## II.     LEGAL STANDARD

### A.     Immediate Possession as a Remedy

Defendants argue that immediate possession of the easements at issue is not an appropriate remedy. They assert that such an action would violate their constitutional rights to receive just compensation before their land, or any portion of it, is taken. However, Defendants rely on cases where immediate possession was requested and/or granted prior to a condemnation order issuing. Most courts that have considered the issue have held that "once a district court determines that a gas company has the substantive right to condemn property . . . , the court may exercise its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004); see also Transwestern Pipeline Co. v. 17.19 Acres of Property Located in Maricopa County, 550

F.3d 770, 777 (9th Cir. 2008) ("Using the court's equitable powers after issuing an order of condemnation and ensuring the preliminary injunction standard is met is proper."). Therefore, as this Court has already issued an Order of Condemnation for the easements at issue, the only issue presently before the Court is whether the requirements for an injunction have been met.

### B. Injunction Standard

A preliminary injunction is an "extraordinary remedy and should be granted only in limited circumstances." Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). This is particularly true were affirmative relief is sought. See Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity."). A court may grant a preliminary injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., 369 F.3d at 708. A party must produce sufficient evidence of all four factors–and a district court should weigh all four–for the requested injunctive relief to be awarded. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). Nonetheless, a district court's decision to issue a preliminary injunction is discretionary. Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1334 (Fed. Cir. 2006).

### III. DISCUSSION

Although the burden for establishing that a mandatory injunction is proper is high, it is one that is easily satisfied given the circumstances presented here. For actions pursuant to the

Natural Gas Act where an order of condemnation has issued, the question is not whether the status quo will change, but merely when–it is simply an issue of timing.  Thus, success on the merits is apparent.  See Sage, 361 F.3d at 830.  This fact also impacts the analysis of irreparable harm and the balancing of harms.  The harm to be analyzed is not the harm of possession, since that is a given, but, rather, the harm of *immediate* possession.

      Here, Tennessee Gas has asserted that, after construction of the pipeline, Defendants' "property will be restored substantially to the condition it was found prior to the incursion."  (Br. in Supp. of Pl., Tennessee Gas Pipeline Co.'s Application for Immediate Possession of Easements, at 19.)  Defendants do not contest this assertion.  Instead, Defendant Raso argues that, during construction, which could begin suddenly if immediate possession is granted, her backyard will be torn up, and her children will not be able to play in the yard for the period of construction.  Her counsel argued that this disruption will be "very disturbing for [the] children and for [Defendant]."  (Hearing Tr. 64:20-22.)  Her counsel argued that the project could easily be "juggle[d]" so that compensation could be determined before the land is possessed.  (Id. at 63:22-64:24.)  The harms that Defendants put forward are all harms that will occur at some point in time; Defendants do not indicate any special harms that will result if immediate possession is granted versus waiting until the compensation amount has been determined, other than the timing being "so sudden" and "shocking."  (Id. at 64:19-20.)  As the Fourth Circuit in Sage noted: "[T]he Supreme Court long ago recognized that 'in view of the liability of all property to condemnation for the common good, loss to the owner of nontransferable values deriving from his unique need for property or idiosyncratic attachment to it . . . is properly treated as part of the burden of common citizenship.'" 361 F.3d at 829 (quoting Kimball Laundry Co. v. United States,

338 U.S. 1, 5 (1949)) (alteration in original).

Tennessee Gas argues that, in order to meet the in service date for the pipeline set by contract and ordered in its FERC certificate, the project must commence this fall. The entire project involves approximately 127 miles of pipeline going through Pennsylvania and New Jersey. (See Hearing Tr. 67:5-6.) Given the scope of such a project, working around one small property is likely to very difficult and result in large additional construction costs. These costs would not be able to be recovered. Thus, as the Sage Court found, requiring Tennessee Gas to work around a single parcel "would prove wasteful and inefficient." 361 F.3d at 829. Also, failure of Tennessee Gas to meet its in-service deadline would likely result in delayed delivery of the gas that FERC determined was needed in the areas to be serviced. Therefore, the Court finds that there is a likelihood of irreparable harm to Tennessee Gas.

Balancing this harm against the harm to Defendants also weighs in favor of granting the relief requested. As noted above, the issue of harm to Defendants, as presented to this Court, is merely one of timing. They have identified no harm that either cannot be compensated with money in calculating the appropriate compensation or that will be incurred as a result of the timing of *immediate* possession. Thus, the Court also finds that the additional harm of immediate possession is slight, at most, compared to the likely and large harm to Tennessee Gas and its customers if the project is delayed.

With regard to the public interest factor, the Court finds that this prong is easily met under the circumstances of this case. By granting the certificate, FERC made a determination that the pipeline is necessary and in the public interest. This conclusion was reached after an extensive administrative process that weighed the harms to the public, including many individual

homeowners objections, against the need for the pipeline. (See Compl., Ex. C, FERC Certificate, at 17-35.) Additionally, to address some of these concerns, the Commission made the issuance of the certificate contingent upon Tennessee Gas complying with certain restrictions. The Court has been presented with no evidence or argument to counterbalance these findings. Therefore, the Court also finds that immediate possession of the easements so that the in-service date can be met is in the public interest.

The Court is sympathetic to the Defendant Raso's personal situation and understands that this project will be a disruption for her family at this challenging personal time. However, no evidence has been submitted to support the conclusion that delaying access to the property will alleviate this disruption. Therefore, as the Court as found that the requirements for an injunction have been met, it grants Tennessee Gas's application for a mandatory injunction. In the September 20 Order of Condemnation, the Court ordered Tennessee Gas to deposit with the Court $29,000, two times the appraised value of the easements, as calculated by an appraiser hired by Tennessee Gas. Tennessee Gas may not exercise its right of immediate possession until this amount has been so deposited.

### IV.  CONCLUSION

For the foregoing reasons, this Court grants Tennessee Gas's request for a preliminary injunction awarding immediate possession of the easements addressed in this Court's Order of Condemnation dated September 20, 2010. An appropriate Order accompanies this Opinion.

DATED: September 28, 2010        /s/ Jose L. Linares
                                 JOSE L. LINARES
                                 UNITED STATES DISTRICT JUDGE